# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 8231 | **DATE** | 3/22/2002 |
| **CASE TITLE** | U.S.A. ex rel Larry d. Coleman vs. Roger D. Cowan | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, we grant the motion fo the respondent, Roger Cowan, to dismiss the petition for habeas corpus [14-1] because petitioner failed to file the instant petition within the one year statue of limitations required by the Antiterrorism and Effective Death Penalty Act. This is a final and appealable order, and this case is hereby terminated.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 25 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | 21 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | TSA / courtroom deputy's initials | 02 MAR 25 AM 8:27 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. )<br>LARRY D. COLEMAN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>ROGER D. COWAN, )<br>)<br>Respondent. ) | Honorable Wayne R. Andersen<br><br>No. 00 C 8231 |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the motion of respondent, Roger Cowan, to dismiss petitioner Larry Coleman's petition for habeas corpus. For the following reasons, we grant the motion to dismiss the petition for habeas corpus.

### BACKGROUND

On August 20, 1991, after a jury trial, petitioner was found guilty of burglary and sentenced to a term of 25 years imprisonment. Petitioner appealed his conviction and sentence to the Illinois Appellate Court, First Judicial District. In his appeal, petitioner alleged that: 1) the State failed to indicate in its indictment that petitioner would be sentenced as a Class X offender and, thus, he should have been resentenced as a Class 2 offender; and 2) the trial court abused its discretion by imposing a 25 year sentence on petitioner. The judgment of the trial court was affirmed by the Illinois Appellate Court on November 5, 1993.

Petitioner filed a petition for leave to appeal to the Illinois Supreme Court alleging only that the State failed to indicate in its indictment that petitioner would be sentenced as a Class X offender

and, thus, he should be resentenced as a Class 2 offender. The Illinois Supreme Court denied petitioner's petition for leave to appeal on December 6, 1994.

On November 6, 1997, petitioner filed a petition for post-conviction relief alleging that: 1) the trial judge violated Supreme Court Rule 402(d)(1); 2) the court imposed an excessive sentence which violated petitioner's right to due process; and 3) petitioner was denied effective assistance of appellate counsel. The trial court entered a written order dismissing petitioner's post-conviction petition as untimely, frivolous and patently without merit on December 4, 1997.

Petitioner appealed the dismissal of his post-conviction petition to the Illinois Appellate Court, First Judicial District. The Office of the State Appellate Defender was appointed to represent petitioner in his appeal. On March 17, 1999, appointed counsel filed a motion in accordance with Pennsylvania v. Finley, 481 U.S. 551 (1987), indicating that the appeal was untimely and presented no issues of merit upon which the defendant could expect to obtain any relief. The Illinois Appellate Court decided to take appellate counsel's Finley motion with the case. On August 27, 1999, the Illinois Appellate Court affirmed the trial court's denial of petitioner's post-conviction petition.

On October 7, 1999, petitioner filed a petition for leave to appeal to the Illinois Supreme Court alleging that: 1) the jury instructions were not proper; 2) the trial judge interfered in jury deliberations; 3) the trial counsel and appellate counsel were ineffective; 4) petitioner's alleged confession was not voluntary; and 5) the trial court imposed an excessive sentence. On December 1, 1999, the Illinois Supreme Court denied petitioner's petition for leave to appeal.

Petitioner then filed a petition for writ of certiorari with the United States Supreme Court on October 11, 2000. On January 8, 2001, the United States Supreme Court denied petitioner's petition for writ of certiorari.

On December 29, 2000, petitioner filed the instant habeas corpus petition. In his habeas petition, petitioner raises the following claims: 1) the Illinois Appellate Court erred in affirming the trial court's decision of sentencing petitioner for 25 years for burglary; 2) the Police Officer's testimony misrepresented the petitioner's alleged confession and the evidence; and 3) petitioner's sentence is excessive.

## DISCUSSION

AEDPA states that the running of the statute of limitations period begins at the occurrence of one of four events:

> (A) the date on which the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA also contains a tolling provision that states that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Although the one year limitations period became effective April 24, 1996, the United States Court of Appeals for the Seventh Circuit has recognized a one year grace period for purposes of the application of § 2244(d)(1). See Lindh v. Murphy, 96 F.3d 856, 865-66 (7th Cir. 1996), rev'd on other grounds, 521 U.S. 320 (1997). Under the AEDPA, the calculation of the one year grace period begins on "the date on which the judgment became final by the conclusion of direct review or the

3

expiration of the time for seeking such review." 28 U.S.C § 2244(d)(1)(A). Thus, for petitioners convicted prior to April 24, 1996, the limitations period began to run on April 24, 1996. See Lindh, 96 F.3d at 866; Gendron v. United States, 154 F.3d 672 (7th Cir. 1998), cert. denied, 119 S.Ct. 1758 (1999). Thus, prisoners whose convictions became final prior to the effective date of the Act had until April 23, 1997 to file a timely habeas petition. Lindh, 96 F.3d at 866.

In this case, petitioner was convicted on August 20, 1991. He appealed his conviction and sentence to the Illinois Appellate Court, First District, which affirmed the trial court's decision on November 5, 1993. Petitioner filed a petition for leave to appeal to the Illinois Supreme Court, and that petition was denied on December 6, 1994. Because the Lindh grace period applies, the one year statute of limitations for filing petitioner's federal habeas petition began to run on April 24, 1996. Thus, petitioner was required to file any federal habeas claims on or before April 23, 1997. Petitioner did not file his habeas petition in this Court until December 29, 2000.

Petitioner, however, can still prevail if he can show that a properly filed petition for post-conviction relief filed in the state court tolled the running of the statute of limitations. Respondent argues that, since Petitioner's petition for post-conviction relief was not properly filed, it cannot serve to toll the one year statute of limitations period pursuant to § 2244(d)(2). We agree.

The Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1 *et seq.*, provides a remedy to criminal defendants who claim that substantial violations of their constitutional rights occurred at trial. People v. Flores, 153 Ill.2d 264, 272, 606 N.E.2d 1078 (1992); People v. Eddmonds, 143 Ill.2d 501, 510, 578 N.E.2d 952 (1991). Under the Illinois Post-Conviction Hearing Act, petitioner had six months from the date of the denial of his petition for leave to appeal on direct appeal or 3 years

4

from the date of conviction, whichever was sooner, to file his post-conviction petition. 725 ILCS 5/122-1(c).

"Whether a petition is 'properly filed' depends on state law, so that if a state court accepts and entertains it on the merits it has been 'properly filed' but that if the state court rejects it as procedurally irregular it has not been 'properly filed.'" Fernandez v. Sternes, 227 F.3d 977, 978 (7th Cir. 2000). If a state's decision rests on "both a procedural default and a lack of merit, then federal review is foreclosed, provided the finding of default is clear." Harris v. Reed, 489 U.S. 255 (1989).

In this case, the trial court considering the post-conviction petition specifically found that it was untimely and that was the basis for the court's ruling dismissing the petition. The court held that "[t]he court has reviewed defendant's petition and it finds that it is frivolous and patently without merit. At the outset, the court holds that the petition was not timely filed." Although the trial court did go on to briefly touch upon the merits of the petition to show that even if it had been timely filed, petitioner still was not entitled to relief, the decision clearly rested upon the fact that the petition was untimely. The court concluded then held that "[a]ccordingly, the defendant's petition for relief is barred by the limitations period presently set forth in the Post-Conviction Hearing Act."

On August 27, 1999, The Illinois Appellate Court affirmed the trial court's decision and granted defense counsel's <u>Finley</u> motion to withdraw as counsel because it determined that there are no appealable issues and because the defendant's petition was untimely. In reaching its decision, the Appellate Court held that "[t]he [trial] court specifically found that defendant's petition was untimely under the statute as amended." Thus, the state courts clearly treated the post-conviction as untimely and not "properly filed."

5

Moreover, we note for the record that it is clear that petitioner, in this case, did not file within this time frame set forth in the Illinois Post-Conviction Hearing Act. The Illinois Supreme Court denied petitioner's leave to appeal on direct appeal on December 6, 1994, and petitioner's post-conviction petition was not filed until November 6, 1997, almost three years later. Therefore, the post-conviction petition was not filed within 6 months from the date of the Illinois Supreme Court's denial of the petition for leave to appeal on direct appeal. Moreover, petitioner was convicted on August 20, 1991, and his post-conviction petition was not filed until November 6, 1997, more than six years after his conviction. Thus, the post-conviction petition also was not filed within 3 years from the date of conviction.

Since petitioner did not file within the time frame specified in the Illinois Post-Conviction Hearing Act, he is required to show that he was not culpably negligent. 725 ILCS 5/122-1(c). Petitioner gives us no valid reason to find that he is culpably negligent for filing his post-conviction petition in an untimely fashion. Therefore, petitioner is not entitled to any tolling of the statute of limitations in this case.

For all of these reasons, it is clear that the Illinois courts, to which we must defer in matters of state procedural law, held that petitioner's post-conviction petition was procedurally barred. Therefore, we find that the instant petition was not "properly filed" within the meaning of § 2244(d)(2) and, accordingly, dismiss petitioner's petition for habeas corpus because it was not filed within the period allowed by law.

## CONCLUSION

For the foregoing reasons, we grant the motion of the respondent, Roger Cowan, to dismiss the petition for habeas corpus because petitioner failed to file the instant petition within the one year statute of limitations required by the Antiterrorism and Effective Death Penalty Act. This is a final and appealable order, and this case is hereby terminated.

Wayne R. Andersen
United States District Judge

Dated: March 22, 2002